OPINION OF THE COURT
Renee R. Roth, S.
A petition filed by the executors of the estate of Joseph Paul Martini protesting a notice of tax deficiency raises some procedural questions with respect to the recently enacted *87 section 998 of the New York State Tax Law which replaced the former procedure for judicial review (Tax Law § 249-x; SCPA 2008).
Subdivision (a) of the new statute, applicable to the estates of decedents dying after May 25, 1990 (Tax Law § 998 [a], as added by L 1990, ch 190, § 114), provides that a taxpayer may protest a notice of deficiency or disallowance of a claim for refund by filing "a notice of petition and verified petition with the surrogate’s court” and serving such papers "on the commissioner of taxation and finance or the commissioner’s attorney”. Although the statute does not describe the manner of service, it does characterize the proceeding as a "special proceeding under article four of the civil practice law and rules”.
It is observed that in the Surrogate’s Court all proceedings are special proceedings and are commenced by the filing of a petition (SCPA 203). Aside from orders to show cause and subpoenas, process consists of a citation, issued by the court and served in the manner provided by SCPA 307. In other courts, however, pursuant to CPLR 304, a special proceeding is commenced by service of a notice of petition in the manner provided for service of a summons (CPLR 403 [c]).
There are significant differences in the types of service allowed by the two statutes. For example, although the SCPA requires a court order if process is not to be served by personal delivery, under CPLR article 3 (CPLR 308, 312-a), personal service may be made by alternate methods, including mail, without court authorization.
The Tax Law at issue was enacted in 1990 as part of an omnibus budget bill and apparently no attention was given to the different requirements for service of process under the CPLR and the SCPA. But nothing in the legislative history of the bill or the statute itself indicates an intent to supersede the rules for acquiring jurisdiction in a proceeding in the Surrogate’s Court. Furthermore, SCPA 102 provides that "The CPLR and other laws applicable to practice and procedure apply in the surrogate’s court except where other procedure is provided by this act” (emphasis added). The reference to CPLR article 4 appears to apply only to the nature of the proceeding and the form of the pleadings rather than to the time and manner of service. For example, it could not apply to time because CPLR 403 (b) provides eight days for service while Tax Law § 998 (a) requires 45 days’ notice.
*88 Accordingly, it is concluded that SCPA 307 governs the manner of service to be used for the notice of petition and verified petition under Tax Law § 998. However, since the latter statute specifically provides that service is to be made on the Commissioner or his attorney at least 45 days before the return date, the time provisions of the SCPA do not apply.
Finally, the statute provides that "In any county which has designated a transfer and estate clerk of the court, the filing of the notice of petition and verified petition with the surrogate’s court shall be effected by filing such notice of petition and verified petition with such clerk” (Tax Law § 998 [a]). Unfortunately, there is no such clerk provided for in this county or any other county. Because of economic considerations, the Tax Departments in all the Surrogate’s Courts have been closed. Under the circumstances, these protest petitions may be filed in the Law Department of this court.